Matter of Carmela H. (Danielle F.) (2019 NY Slip Op 03177)





Matter of Carmela H. (Danielle F.)


2019 NY Slip Op 03177


Decided on April 26, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 26, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, NEMOYER, AND TROUTMAN, JJ.


282 CAF 17-01178

[*1]IN THE MATTER OF CARMELA H. ONONDAGA COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES, PETITIONER-RESPONDENT; DANIELLE F., RESPONDENT-APPELLANT.






D.J. & J.A. CIRANDO, PLLC, SYRACUSE (ELIZABETH deV. MOELLER OF COUNSEL), FOR RESPONDENT-APPELLANT.
ROBERT A. DURR, COUNTY ATTORNEY, SYRACUSE (MAGGIE SEIKALY OF COUNSEL), FOR PETITIONER-RESPONDENT.
SUSAN B. MARRIS, MANLIUS, ATTORNEY FOR THE CHILD. 


 Appeal from an order of the Family Court, Onondaga County (Michael L. Hanuszczak, J.), entered June 13, 2017 in a proceeding pursuant to Family Court Act article 10. The order granted the motion of petitioner determining that reasonable efforts are not required to be made to reunite respondent with the subject child. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Respondent mother appeals from an order that granted petitioner's motion pursuant to Family Court Act § 1039-b (a) seeking, inter alia, a determination that reasonable efforts to reunite the mother with the subject child were no longer required. We affirm.
After filing a neglect petition, the petitioner "may file a motion upon notice requesting a finding that reasonable efforts to return the child to his or her home are no longer required" (id.). If Family Court determines that "the parental rights of the parent to a sibling of such child have been involuntarily terminated" (Family Ct Act § 1039-b [b] [6]) or that another enumerated circumstance is present, then such reasonable efforts "shall not be required . . . unless the court determines that providing reasonable efforts would be in the best interests of the child, not contrary to the health and safety of the child, and would likely result in the reunification of the parent and the child in the foreseeable future" (§ 1039-b [b]). Once the petitioner "establishes the existence of an enumerated circumstance, the burden shifts to the parent to establish the applicability of the exception" (Matter of Skyler C. [Satima C.], 106 AD3d 816, 818 [2d Dept 2013]; see Matter of Jacob E. [Valerie E.], 87 AD3d 1317, 1318 [4th Dept 2011]).
Thus, contrary to the mother's contention, petitioner met its burden by establishing that the mother's parental rights to her older children had been terminated (see Matter of Dakota H. [Danielle F.], 126 AD3d 1313, 1314 [4th Dept 2015], lv denied 25 NY3d 909 [2015]).
The burden therefore shifted to the mother to establish that the statutory exception applies (see Skyler C., 106 AD3d at 818), and there is a sound and substantial basis in the record to support the court's determination that she failed to do so (see generally Matter of Daniel K. [Roger K.], 166 AD3d 1560, 1561 [4th Dept 2018], lv denied — NY3d — [Mar. 28, 2019]; Matter of Nevin H. [Stephanie H.], 164 AD3d 1090, 1093 [4th Dept 2018]). In particular, the mother's caseworker testified that, as of the date of the petition, the mother continued to live with the child's father, which was a barrier to reunification due to issues with domestic violence. Although the mother moved out of his house during the proceedings, she did not do so of her [*2]own accord and had never lived on her own before. One of the mother's own witnesses testified that the mother still required parenting intervention. That witness further testified that she had "to keep repeating the most basic parenting skills" to the mother and that the mother made only "minimal" progress. Indeed, the mother acknowledged in her own testimony that she did not learn anything in prior parenting classes, and the caseworker testified that she believed that the mother could not make any more progress in her parenting than she already had. We therefore see no basis to disturb the court's determination (see generally Daniel K., 166 AD3d at 1561).
Entered: April 26, 2019
Mark W. Bennett
Clerk of the Court